By the Court:
No judgment having been rendered in the court of common pleas against the only party defendant who resided in the county where suit was brought and who was served Avith summons in that county, it may well be doubted whether that court had jurisdiction to render any judgment against Parks Foster, who was a resident of Lorain county, and Avas served with summons in that county. Allen v. Miller, 11 Ohio St., 374; Long v. Newhouse, 57 Ohio St., 348; Dunn v. Hazlett, 4 Ohio St., 435; Drea v. Carrington, 32 Ohio St., 595.
But passing that question without determining it, as it would not be decisive of this case, we are clear in the opinion that by his appeal to the circuit court, he waived the question of jurisdiction of his person, and entered his appearance in that court, and that court having thus acquired jurisdiction of his person, and also of the subject matter, there was no error in rendering judgment against him.
If he had filed a petition in error in the circuit court, to reverse the judgment of the court of com *172 mon pleas, he would not thereby have entered his appearance in the original action, and might have obtained a ruling upon the question as to the right of the court of common pleas to render judgment against him when it failed to render a judgment against the only party that was served with summons in the county where the action was pending. A petition in error is a new action to reverse the judgment below;.but an appeal is, in the circuit court, the same action as in the court of common pleas; and a voluntary appearance in the circuit court, is in legal effect, the same as such appearance in the common pleas. He-could invoke the action of the circuit court to reverse-the erroneous judgment against him without entering bis appearance to such judgment, but he could not invoke the action of the circuit court on appeal, to aid him in preventing a judgment from being rendered against him, without thereby entering his appearance- and becoming a party to the action. He could not. invoke the action of the circuit court to aid him in defeating his opponent, and when defeated himself, turn around and claim that the circuit court had no-jurisdiction of his person. When he invoked the action of the circuit court, he thereby assented that the-court might render judgment for him or against him, as the evidence should warrant.
We regard what is said on this subject in the opinion in Mason v. Alexander, 44 Ohio St., on page-330, as sound law.
We find no error in the record.

Judgment affirmed.